UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AGFEED INDUSTRIES, INC., *et al.*,<br><br>Defendants. | No. 3:14-cv-00663<br>CHIEF JUDGE HAYNES |

**FINAL JUDGMENT AS TO DEFENDANT AGFEED INDUSTRIES, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant AgFeed Industries, Inc. ("AgFeed" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

- (a) to employ any device, scheme, or artifice to defraud;
- (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
- (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

- (a) to employ any device, scheme, or artifice to defraud;
- (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- (c) to engage in any transaction, practice, or course of business which operates or

2

would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED and DECREED that Defendant and its officers, agents, servants, employees and attorneys, and attorneys, and those persons in active concert or participation with them, and each of them be, and they are hereby, permanently enjoined from filing or causing to be filed with the Commission annual, current or other periodic reports with respect to Defendant, its subsidiaries and affiliates, or any other issuer, which contain any untrue statement of material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading or which omit any material fact required to be contained therein, in violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] thereunder.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and its agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)], by failing (A) to make and keep books, records, and accounts, which, in reasonable detail, accurately reflect the transactions and dispositions of the assets of the issuer, and (B) to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

3

Case 3:14-cv-00663   Document 66-2   Filed 09/23/14   Page 3 of 9 PageID #: 1299
Case 3:14-cv-00663   Document 70   Filed 10/06/14   Page 3 of 9 PageID #: 1323

(a) transactions are executed in accordance with management's general or specific authorization;

(b) transactions are recorded as necessary: (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

(c) access to assets is permitted only in accordance with management's general or specific authorization; and

(d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $18,000,000.00, representing profits gained as a result of the conduct alleged in the Complaint. Defendant shall satisfy this obligation by paying (i) $12,500,000.00 *pro-rata* to holders of Class 5B equity interests, as defined in AgFeed's July 22, 2014 Second Amended Chapter 11 Plan of Liquidation Supported by the Official Committee of Equity Security Holders (the "Proposed Plan") in *In re AgFeed Industries, Inc.*, Chapter 11 case No. 13-11762 (BLS) (Bankr. D. Del.) (the "Bankruptcy Case"), and (ii) $5,500,000.00 to the Securities and Exchange Commission, pursuant to a confirmed Chapter 11 Plan of liquidation in the Bankruptcy Case (the "Confirmed Plan").

Defendant shall provide the Commission staff proof of payment to the Class 5B equity interests in the Bankruptcy Case in a form reasonably acceptable to the Commission staff.

If (a) the consolidated class action lawsuit currently pending in the United States District

4

Court for the Middle District of Tennessee, *Blitz v. AgFeed Indus., Inc. et al.*, Case No. 11-cv-0992, is settled for the sum of $7,000,000.00, of which amount no more than $2,215,000 shall be allocated to pay attorneys' fees and expenses, and (b) the Confirmed Plan provides that Class 5B Equity Interests shall be paid (i) all of AgFeed Industries Net Distributable Cash and (ii) their Pro Rata share of any net proceeds recovered from settlement, litigation or otherwise on account of the Liquidating Trustee's pursuit of Causes of Action, as those capitalized terms are defined in the Proposed Plan, the Court shall not impose additional disgorgement, pre-judgment interest, and/or a civil penalty on Defendant. In the event that these conditions are not met, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay additional disgorgement, pre-judgment interest, and/or a civil penalty. In connection with any such petition and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Judgment, the Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

5

Case 3:14-cv-00663   Document 66-2   Filed 09/23/14   Page 5 of 9 PageID #: 1301
Case 3:14-cv-00663   Document 70   Filed 10/06/14   Page 5 of 9 PageID #: 1325

http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; AgFeed Industries, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant except as set forth herein.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law, including but not limited to taking action in the Bankruptcy Case) at any time after 14 days following the date by which such payment is required to be made pursuant to a confirmed Chapter 11 Plan incorporating the terms of this settlement and Final Judgment. Defendant shall pay post judgment interest, pursuant to 28 U.S.C. § 1961, on any amounts not paid timely pursuant to the preceding sentence. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission shall propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

6

Case 3:14-cv-00663 Document 66-2 Filed 09/23/14 Page 6 of 9 PageID #: 1302
Case 3:14-cv-00663 Document 70 Filed 10/06/14 Page 6 of 9 PageID #: 1326

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 and/or pursuant to equitable principles governing Commission disgorgement plans. The Court shall retain jurisdiction over the administration of any distribution of the Fund. Any portion of the Fund not distributed shall be returned to the bankruptcy estate of Defendant or to the Liquidating Trust established pursuant to a confirmed Chapter 11 plan in the Bankruptcy Case for the benefit of Class 5B Equity Interests, as applicable. In the event the bankruptcy estate and the Liquidating Trust have terminated, any portion of the Fund not so distributed shall be paid to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

7

Case 3:14-cv-00663   Document 66-2   Filed 09/23/14   Page 7 of 9 PageID #: 1303
Case 3:14-cv-00663   Document 70   Filed 10/06/14   Page 7 of 9 PageID #: 1327

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. At any such hearing to enforce the terms of this Final Judgment, (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such hearing, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with any such hearing, the parties may take discovery, including discovery from appropriate non-parties.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

8

Case 3:14-cv-00663   Document 66-2   Filed 09/23/14   Page 8 of 9 PageID #: 1304
Case 3:14-cv-00663   Document 70   Filed 10/06/14   Page 8 of 9 PageID #: 1328

Dated: October 3, 2014

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

9